UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK J. LAWRENCE, Jr.,

    Petitioner,

v.

48th DISTRICT COURT,

    Respondent.
                                   /

Case No. 05-72701-DT
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING THE MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR A STAY PURSUANT TO 28 U.S.C.§ 2251**

    Frank J. Lawrence, ("petitioner"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, through counsel, Edward J. Christensen. In his petition, petitioner challenges his misdemeanor conviction out of the 48th District Court in Bloomfield Township, Michigan for interfering with a police officer, in violation of Bloomfield Township Ordinance No. 137, 16.01(a). Petitioner was initially sentenced by Judge Edward Avadenka. Petitioner appealed his conviction and sentence through the Michigan courts. On December 28, 2005, Petitioner was resentenced by Judge C. Charles Bokos. Petitioner has not appealed that sentence in the state courts.

    Petitioner's counsel has now filed a motion for temporary restraining order and for a stay of his sentence of December 28, 2005, pursuant to 28 U.S.C. § 2251 and a motion for immediate consideration of this motion. For the reasons stated below, the motion for

a temporary restraining order and a stay pursuant to 28 U.S.C. § 2251 is **DENIED.**

The standard for granting a stay under 28 U.S.C. § 2251 to a habeas petitioner in a non-capital case is the same as the standard for granting preliminary injunctive relief. *See Byrd v. Moore,* 252 F. Supp. 2d 293, 297 (M.D.N.C. 2003)(*citing Gilliam v. Foster*, 61 F. 3d 1070, 1078 (4th Cir.1995)). The standard for issuance of preliminary injunctive relief or a stay in a habeas corpus petition is the 'balance of hardship' test. *Id.* Before such relief is granted, the federal court must consider four factors, the first two of which are the most critical:

> 1) the likelihood of irreparable harm to the petitioner without the temporary injunction;
> 2) the likelihood of harm to the Respondent with the injunction;
> 3) the habeas petitioner's likelihood of success on the merits;
> 4) the public interest.

*Byrd,* 252 F. Supp. 2d at 297-98.

If after balancing the first two factors, the balance 'tips decidedly' in favor of the habeas petitioner, a preliminary injunction will be granted if the petitioner has "raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." *Byrd,* 252 F. Supp. 2d at 298 (internal citation omitted). Stated differently, if the harm to the petitioner greatly outweighs the harm to the respondent, then enough of a showing has been made to permit the issuance of an injunction. If, on the other hand, the harm to the petitioner decreases, when balanced against the harm to the respondent, the likelihood of success on the merits becomes more important. *Id.* Likelihood of success on the merits alone,

however, without any showing of a risk of irreparable harm, is not sufficient to warrant the issuance of a preliminary injunction since a habeas petitioner must always show some risk of probable irreparable injury. *Id.*

In the present case, petitioner claims that visiting Judge Bokos recently re-sentenced him to pay a fine and costs of $ 1,000.00 by January 18, 2006, or serve thirty days in jail. Petitioner, who has retained counsel, claims that because he is indigent, he cannot pay the fines and costs and will suffer irreparable harm in the absence of a stay because he will have to serve a jail sentence.

Where there exists the possibility of raising and correcting constitutional claims in state courts, the principles of federalism and comity expressed in by the U.S. Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971) require that a criminal defendant first exhaust available state appellate remedies before seeking relief in the federal district court. *See Ballard v. Stanton,* 833 F. 3d 593, 594-95 (6th Cir. 1987). Petitioner is free to seek relief from his re-sentencing in the state courts. A criminal defendant in Michigan may be entitled to more than one appeal of right. *People v. Martinez,* 193 Mich. App. 377, 380; 485 N.W. 2d 124 (1992). A defendant who has already taken an appeal of right from the judgment of conviction can also take a second appeal of right from an order of re-sentencing. *See People v. Jones,* 394 Mich. 434, 435-36; 231 N.W. 2d 649 (1975). Because petitioner has an opportunity in the first instance to challenge his re-sentencing in the state courts, petitioner has failed to demonstrate that any "great and immediate irreparable injury" will occur if this Court denies the request for an emergency stay of

3

proceedings. *Ballard,* 833 F. 2d at 595.

## ORDER

Based upon the foregoing, the motion for temporary restraining order and for a stay pursuant to 28 U.S.C. § 2251 is **DENIED.**


                                                s/Paul D. Borman  
                                                PAUL D. BORMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated:  January 12, 2006

## CERTIFICATE OF SERVICE

**Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 12, 2006.**

                                              **s/Jonie Parker**  
                                              **Case Manager**