UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK J. LAWRENCE, JR.,

    Petitioner,                                                    Civil No. 05-CV-72701
                                                                           PAUL D. BORMAN
v.                                                                                      UNITED STATES DISTRICT JUDGE

48th DISTRICT COURT,

    Respondent,
_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; AND (2) A CERTIFICATE OF APPEALABILITY

Frank J. Lawrence ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, through counsel, Edward J. Christensen. In his petition, Petitioner challenges his misdemeanor conviction out of the 48th District Court in Bloomfield Township, Michigan for interfering with a police officer, in violation of Bloomfield Township Ordinance No. 137, § 16.01(a). For the reasons stated below, the application for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

## I. BACKGROUND

Petitioner was convicted of the above offense following a jury trial in the 48th District Court in Bloomfield Township, Michigan. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Oakland County Circuit Court's opinion affirming his conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001).

> In August 2000, Defendant was at home with his father and teenaged brother when his father, who was at the home in violation of a PPO, assaulted the teen with a

hamper lid. Defendant's brother called 9-1-1 reported that he had been assaulted and stated that there were three people in the house. Officers arrived a short time later and the dispatcher instructed the teen to meet the officers at the door. Defendant's father was ordered out of the house. The father was arrested and medical personnel attended to the brother. The officers also ordered Defendant, who was standing in the doorway, to exit the home pursuant to the police department's General Order 95-40B, which directed the officer's response to this domestic violence call. Defendant refused to cooperate. Instead, he exclaimed, "F___you," cited some case law and demanded that the officers obtain a warrant before entering the home. After unsuccessfully trying to talk Defendant out of the home, an officer grabbed Defendant and pulled him out onto the porch. The officer then proceeded to enter the home to conduct a cursory sweep. The officer exited the home and Defendant was thereafter placed under arrest.[1]

*People of the Twp. of Bloomfield v. Lawrence,* No. 03-DA7918-AR, slip op. at 2 (Oakland County Cir. Ct., Feb. 25, 2004).

Petitioner's conviction was affirmed on appeal. *People of the Twp. of Bloomfield v. Lawrence,* No. 254440 (Mich. Ct. App. July 26, 2004), *lv. denied*, 472 Mich. 942 (2005).[2]

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I.  Bloomfield Township Ordinance No. 137, 16.01(A), which states, *inter alia,* that no person shall "in any way interfere" with an officer in the discharge of his duties, violates the First and Fourteenth Amendment.

II. Petitioner's prosecution for non-violently demanding that police officers

---

[1] Petitioner was a law student at the time of this incident. In his habeas application, petitioner contends that his misdemeanor conviction is being used by the State of Michigan's Character and Fitness Department to question petitioner's ability to practice law.

[2] This case has been the subject of extensive litigation in the state and federal courts, all of which have proven unsuccessful for Petitioner. *See e.g. Lawrence v. Bloomfield Twp.,* No. 00-74302, 2005 WL 2649173 (E.D. Mich. Oct. 17, 2005) (unpublished) (discussing Petitioner's various state court actions at length); *Lawrence v. Van Aken,* 316 F. Supp.2d 547 (W.D. Mich. 2004); *aff'd sub nom Lawrence v. Chabot,* 182 Fed. Appx. 442 (6th Cir. 2006). Interestingly, months before trial, the Bloomfield Township Attorney, Thomas Ryan, a former State Bar president, offered to allow petitioner to take a plea under advisement, whereby this charge would be dismissed if petitioner successfully complied with terms set by the court. Petitioner, however, rejected this offer. A similar plea offer was made prior to trial, but Petitioner again rejected the offer. *Lawrence,* 182 Fed. Appx. at 445-46.

first secure a warrant before conducting a warrantless search of his homse and citing the pronouncements of the Supreme Court of the United States to police officers, violated Petitioner's rights under the First and Fourteenth Amendments to the Constitution of the United States.

## II. STANDARD OF REVIEW

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. ANALYSIS

3

The Court discusses Petitioner's claims together because they are interrelated. Petitioner contends that the Bloomfield Township Ordinance that he was convicted under is unconstitutionally vague, overbroad, and infringes upon legitimate First Amendment activities.[3]

Bloomfield Township Ordinance No. 137, § 16.01(a), which is entitled "Interference with Police Department," provides:

> No person shall resist any police officer, any member of the police department or any person duly empowered with police authority while in the discharge or apparent discharge of his duty, or in any way interfere with or hinder him with the discharge of his duty.

The Bloomfield Township Ordinance in question is based upon the state law crime of resisting and obstructing an officer. *See* MICH. COMP. LAWS § 750.479. This statute has been construed as proscribing only actual or threatened physical interference with a police officer's performance of his duties. *Marrs v. Tuckey*, 362 F. Supp. 2d 927, 931 (E.D. Mich. 2005) (citing *People v. Vasquez*, 465 Mich. 83 (2001)).

In rejecting Petitioner's claim on appeal, the Oakland County Circuit Court found that the ordinance was not vague, because a person of ordinary intelligence would have a reasonable opportunity of knowing that petitioner's action of refusing to allow the police officers to enter

---

[3] Respondent contends that this Court lacks subject matter jurisdiction over the habeas case, because petitioner's sentence has now expired, due to the fact that petitioner has made complete payment of his fines-only sentence. However, at the time that petitioner filed his habeas application, petitioner had not actually been sentenced for his conviction as his sentencing had been stayed pending appeal and petitioner remained on personal bond. Under these circumstances, petitioner satisfies the "in custody" requirement for bringing a federal habeas petition. *See McVeigh v. Smith,* 872 F.2d 725, 727 (6th Cir. 1989) (petitioner who filed petition for habeas corpus at time one-year probation period had commenced but was stayed, and petitioner was granted recognizance bond, satisfied "custody" requirement for habeas relief).

into the house despite the fact that a domestic violence call had been made would amount to interfering with or hindering the police in the investigation of the crime. *Lawrence,* No. 03-DA7918-AR, slip. op. at 9. The court further found that the ordinance was not overbroad, because it did not attempt to regulate speech, nor did it afford the police unrestrained discretion as to what constitutes interfering or hindering. The court further found that petitioner's "conduct was clearly within a narrow constitutional construction of the ordinance's prohibition against interfering with or hindering an officer in the discharge of his or her duties." *Id.*

First Amendment overbreadth challenges to state statutes are reviewable in a petition for writ of habeas corpus. *See Staley v. Jones,* 239 F.3d 769, 781 (6th Cir. 2001). In evaluating a facial challenge to a state law, however, a federal court, must consider any limiting construction that a state court or enforcement agency has proffered. *Id.* at 782. The overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep where conduct and not merely speech is involved. *Broadrick v Oklahoma*, 413 U.S. 601, 614-15 (1973). Thus, "overbreadth scrutiny diminishes as the behavior regulated by the statute moves from pure speech toward harmful, unprotected conduct." *Staley,* 239 F.3d at 785. Moreover, the overbreadth doctrine "has been employed by the [Supreme] Court sparingly and only as a last resort." *Id.* at 787. The Supreme Court has also indicated that facial challenges to criminal statutes on overbreadth grounds are discouraged, because "they invite judgments on fact-poor records," and also "call for relaxing familiar requirements of standing." *Sabri v. United States,* 541 U.S. 600, 609 (2004). Finally, "whatever overbreadth exists can be cured on a case-by-case basis." *Staley,* 239 F.3d at 787.

As indicated above, the Michigan courts have construed Michigan's resisting and

5

obstructing statute, upon which the Bloomfield Township Ordinance is based, as prohibiting actual or threatened physical interference with the police officers in the performance of their duties, and not proscribing mere speech. *Marr,* 362 F. Supp. 2d at 931. Plaintiff contends that the Bloomfield Township Ordinance is similar to another ordinance held to be overbroad in *Houston v. Hill*, 482 U.S. 451 (1987). The Supreme Court based its finding of overbreadth in *Hill* on a law which prohibited speech that "in any manner ⋯ interrupt[s]" a police officer in the execution of his duty. *Id*. at 462. Bloomfield Township Ordinance No. 137, § 16.01(a), by contrast, prohibits a person from interfering with or hindering a police officer in the discharge of his or her duty. By using the terms interfere or hinder, this ordinance facially applies to acts which pose an actual hindrance to the accomplishment of a specified task by the police, as opposed to the ordinance considered in *Hill*, which pertained primarily to verbal acts. *See Fair v. City of Galveston,* 915 F. Supp. 873, 879 (S.D. Tex. 1996). This Court recently rejected a similar challenge to a Columbia Township ordinance which prohibited conduct where "[a] person [ ] obstructs, resists, impedes, hinders or opposes a peace officer in the discharge of his or her official duties," finding that the defendant's active interference with a police officer's questioning of another suspect was not speech that was protected by the First Amendment. *See King v. Ambs,* No. 04-74867, 2006 WL 800751, *6-7 (E.D. Mich. Mar. 28, 2006) (unpublished). A court in the Western District of Michigan likewise held that s similar municipal ordinance which prohibited persons from assaulting, obstructing, resisting, hindering, or opposing any member of the police force, any peace officer, or firefighter in the discharge of his or her duties, was not overbroad on its face, so as to violate the First Amendment. *See Risbridger v. Connelly,* 122 F. Supp. 2d 857, 871-72 (W.D. Mich. 2000), *rev'd on other*

6

*grounds,* 275 F.3d 565 (6th Cir. 2002).

In the present case, the Michigan courts' decisions that the Bloomfield Township Ordinance was not overbroad in violation of the First Amendment was not an unreasonable application of clearly established federal law, so as to entitle petitioner to habeas relief. *Staley,* 239 F.3d at 786-88.

Petitioner further contends that the Bloomfield Township ordinance is vague and overbroad, because it provides no *scienter* requirement and therefore amounts to a strict liability offense. Although the Supreme Court has indicated that the absence of an intent requirement is an important consideration when determining whether a statute is unconstitutionally vague, the Supreme Court has not, "unequivocally stated that in such a situation, a statute may be facially invalidated on vagueness grounds without considering whether the statute is invalid in all applications." *Staley,* 239 F.3d at 791. Although the Supreme Court has noted that a *scienter* requirement may mitigate a law's vagueness, *Village of Hoffman Estate v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982), the Supreme Court has also stated that when a statute is challenged on vagueness grounds, "the complainant must demonstrate that the law is impermissibly vague in all of its applications." *Id*. at 497. Given the lack of clear Supreme Court precedent on the subject, the decisions by the Michigan courts that the Bloomfield Township Ordinance is not void for vagueness is not contrary to clearly established federal law, whether or not the ordinance lacks a *scienter* requirement. *Staley,* 239 F.3d at 791. Thus, under § 2254(d)(1), this Court cannot say that the Michigan courts erred in disallowing a facial challenge on vagueness grounds. *Id.*

Petitioner finally claims that Bloomfield Township Ordinance No. 137, § 16.01(a). is

void because it does not sufficiently define the conduct to be proscribed. The Supreme Court has indicated that "[t]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357 (1983). However, "[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Powell*, 423 U.S. 87, 92 (1975) (citations omitted). Therefore, with the exception of cases which involve First Amendment guarantees, a defendant bears the burden of establishing that the statute is vague as applied to his or her particular case, not merely that the statute could be construed as being vague in some hypothetical situation. *See United States v. Krumei,* 258 F.3d 535, 537 (6th Cir. 2001).

Applying the law to the facts of this case, this Court concludes that the Bloomfield Township Ordinance provides fair notice of the prohibited conduct. A person of reasonable intelligence could determine whether his conduct violated the Bloomfield Township Ordinance. More importantly, the ordinance was certainly not vague as to Petitioner, because his conduct of standing in the door blocking the police officers' entrance, while shouting obscenities, clearly came within the meaning of the words of the ordinance, which prohibit a person from interfering with or hindering a police officer in the discharge of his or her duty. Moreover, because Petitioner's conduct easily met the elements of the Bloomfield Township Ordinance, it application to his case was not an arbitrary act of law enforcement. The Michigan courts' conclusion that the Bloomfield Township Ordinance was not unconstitutionally vague is not an

8

unreasonable application of clearly established federal law so as to entitle petitioner to habeas relief. *Staley,* 239 F.3d at 792-93.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002).

## IV.     CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability.

**SO ORDERED.**

                                    s/Paul D. Borman  
                                    PAUL D. BORMAN  
                                    UNITED STATES DISTRICT JUDGE

Dated: December 19, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 19, 2006.

                                    s/Denise Goodine  
                                    Case Manager